Stefan M. Palys (AZ Bar No. 024752)
spalys@foxrothschild.com
FOX ROTHSCHILD LLP
2020 K Street NW, Suite 500
Washington, D.C. 20006
Telephone: (202) 659-6704
Facsimile: (202) 461-3102

Attorneys for Plaintiff
FIRST-CITIZENS BANK & TRUST COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| First-Citizens Bank & Trust Company, a North Carolina Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>John P. Heard, Jill Heard, and John Heard, CPA, LLC,<br><br>                Defendants. | Case No. 2:25-cv-02453-DWL<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE ON JILL HEARD**<br>**-AND-**<br>**FOR AN EXTENTION OF TIME TO ACCOMPLISH SERVICE** |

First-Citizens Bank & Trust Company's ("FCB") current counsel appeared in this case in October 2025. Upon doing so, FCB filed its second amended complaint (Doc. 17) to add Jill Heard as a party. Jill Heard had executed a guaranty agreement so that her and John Heard's marital community was bound and liable for a debt. By the time FCB added Jill Heard as a party to the case, it had already personally served John Heard and John Heard, CPA, LLC with process. (Docs. 12-13 (service of the first amended complaint)) And the same day FCB filed its second amended complaint, FCB personally served John

179717531.3

Heard and John P. Heard, CPA, LLC with this Court's Preliminary Order, within this Court's 90-day deadline. (Docs. 19-20) Each time, FCB accomplished personal service at John Heard's business address. (Docs. 12-13, 19-20) Despite repeated attempts to personally serve Jill Heard with the second amended complaint and Preliminary Order – detailed below – however, FCB has been unable to do so. Further attempts at personal service would be impracticable. Accordingly, and for the reasons set forth below, FCB requests an order from this Court authorizing FCB to serve Jill Heard by alternate means. *See* Fed. R. Civ. P. 4(e)(1); Ariz. R. Civ. P. 4.1(k). Specifically, FCB proposes to: (1) post copies of the second amended complaint, the summons, the preliminary order, and the order authorizing alternate service at Jill Heard's last known home address; (2) post the same documents at John Heard's business address, which is still the location listed on the Arizona Corporation Commission for statutory service for John Heard, CPA, LLC; and (3) send the same documents by U.S. mail to both locations, as well as to her potential email addresses (described below). FCB would then file a notice with this Court when it has completed all of those steps. The current deadline to serve Jill Heard with the Preliminary Order and the second amended complaint is January 1, 2026. *See* Fed R. Civ. P. 4(m). While FCB believes it can accomplish service before then, out of caution it also requests a 30-day extension of that deadline. FCB has submitted a proposed form of order along with this motion.

. . .

. . .

2

### MEMORANDUM OF POINTS AND AUTHORITIES

I.    **Legal standard: this Court may order alternate service when further attempts by ordinary means would be impracticable.**

Federal Rule of Civil Procedure 4(e)(1) allows process to be served in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made...." Arizona Rules of Civil Procedure 4.1(k) provides for alternative or substituted service when the standard methods are "impracticable." Ariz. R. Civ. P. 4.1(k). If a party shows that the means of service provided in Rule 4.1 is "impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." *Id*. "If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and "must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." *Id.* 4.1(k)(2).

As this Court made clear recently in *Qingdao Kdgarden Import & Export Co. Ltd. v. Dream Big Little Co. LLC*, "[i]mpracticability requires something less than a complete inability to serve the defendant or the 'due diligence' showing required before service by publication may be utilized." 2025 WL 2967013, *1 (D. Ariz. Oct. 21, 2025) (citing *Blair v. Burgener*, 245 P.3d 898, 903-04 (Ariz. App. 2010) (internal quotations omitted)). The plaintiff must only show that traditional service under the rules "would be extremely difficult or inconvenient." *Blair*, 245 P.3d at 903.

179717531.3

In *Qingdao*, the Court found the impracticability standard was met and authorized alternate service where the plaintiff showed it had made "four physical attempts to serve the Defendants via process server" over two weeks, on top of making contact with the Defendants by phone who then canceled three other scheduled appointments to serve process. *Id.*, 2025 WL 2967013 at *1-2 (collecting cases where the impracticability standard was met based on four or five failed attempts at service). The *Qingdao* Court found alternate service by posting process on the defendants' front door sufficed as a reasonable effort to give them actual notice of the case. *Id.* at *2. where the plaintiff showed it had made four physical attempts to serve the defendants via process server, as well as three scheduled attempts with one defendant to accept service in the span of two weeks were unsuccessful. *Id.* at *1. Following review of the affidavits of non-service by the plaintiff's process servers, this Court found that service on the defendants was impracticable and that "[i]t would be difficult, inconvenient, and impracticable for [p]laintiff to continue to attempt to serve the [d]efendant" using traditional methods. *Id.* at *2. This Court therefore issued an Order permitting service on the defendants by mailing the documents to the defendants' last known address, posting the documents on the residence, and emailing the same to the defendants' attorney. *Id.*

II. **Further attempts to serve Jill Heard with process would be impracticable, so this Court should authorize alternate service.**

FCB has made repeated, unsuccessful attempts to serve Jill Heard. Jill Heard's last known residential address is 3738 E. Glenrosa Avenue in Phoenix, Arizona. *See*

4

179717531.3

Declaration of Tom Zollars, Exhibit 1 (regarding results of "skip trace" investigation).[1] On successive days in late October 2025, FCB's process server went to the residence but it was dark and silent, and no one answered the door. *See* Declaration of Leslie Salinas, Exhibit 2. The house appeared to be empty (*id.*), but according to the "skip trace" investigation it is still listed as Jill Heard's current address. *See* Exhibit 1. During that same time frame, although FCB had already served John Heard, FCB's process server went to the office where it had just recently personally served him. On three occasions the office was locked. *See* Declaration of Stefan Palys, Exhibit 3, ¶ 6.

FCB engaged in other efforts to find a possible address for Jill Heard, as well as to find the best possible means to give her notice of this case. FCB reviewed the dockets of this Court, the Arizona Bankruptcy Court, and the Maricopa County Superior Court to see if it could locate either contact information for Jill Heard or contact information for an attorney representing her. *See* Palys Dec. ¶ 7. FCB could not locate any information aside from an old bankruptcy case, and a 2024 case against John Heard that was dismissed for lack of service. *Id*. FCB also checked the Maricopa County Superior Court family case docket and did not see any cases involving Jill Heard and John Heard – *i.e.*, they are still married. *Id.*, ¶ 8. FCB also searched the Maricopa County Recorder's office online database for recent real estate transactions involving Jill Heard, and so recent addresses, but found none since 2022. *Id.*, ¶ 9. The results of FCB's investigation did show, however, that Jill

---

[1] The second line in the addresses in this declaration references an address that is "good" through 2027. That is an error. Online records show that property sold in 2022.

179717531.3

Heard's possible email addresses are jill.heard.az@gmail.com and jill.heard4@gmail.com. *See* Exhibit 1.

Given the foregoing, FCB respectfully requests that the Court find that further attempts at personal service would be impracticable. FCB requests an order from this Court permitting alternate service pursuant to Fed. R. Civ. P. 4(e) and Ariz. R. Civ. P. 4.1(k), authorizing service by the following means:

1. Posting copies of the second amended complaint, the summons, the preliminary order, and the order authorizing alternate service at Jill Heard's last known home address of 3738 E. Glenrosa Avenue in Phoenix, Arizona;[2]

2. Posting copies of the second amended complaint, the summons, the preliminary order, and the order authorizing alternate service at John Heard, CPA, LLC's office location where it has successfully personally served it and John Heard twice before: 4040 E. Camelback Rd., Suite 280, Phoenix, Arizona;

3. Sending copies of the second amended complaint, the summons, the preliminary order, and the order authorizing alternate service to the addresses above via first class U.S. mail in two envelopes one addressed to John Heard and one addressed to Jill Heard;[3] and

4. Emailing copies of the second amended complaint, the summons, the preliminary order, and the order authorizing alternate service to jill.heard.az@gmail.com and jill.heard4@gmail.com.[4]

These means are reasonably calculated to give Jill Heard actual notice of this lawsuit. That is in part because providing notice to John Heard, her husband, is reasonably calculated to afford notice to her. Indeed, even the entry of the order permitting alternate service should

---

[2] *Composite Industrie S.A. v. Vision Air America, Inc.*, 2014 WL 1230492, *2 (D. Ariz. Mar. 25, 2014) (Rule 4(e), service by posting and mail).

[3] *Cabrera v. Felix Tire and Auto LLC*, 2025 WL 1332823, *2 (D. Ariz. Apr. 18, 2025) (Rule 4(e), allowing service via U.S. Mail and Certified Mail).

[4] *Xcentric Ventures LLC v. Karsen, Ltd*. 2011 WL 3156966, *2 (D. Ariz. July 26, 2011) (Rule 4(f), permitting service of process by email).

6

179717531.3

do so, since John Heard has an obligation to monitor the docket and can reasonably be expected to communicate with Jill Heard about the order for service upon her. *Sec. & Exch. Comm'n v. Millennium Bank*, 2009 WL 10689097, at *2 (N.D. Tex. Oct. 21, 2009) (authorizing alternate service via substituted service on spouse because there was reason to believe the spouses would communicate regarding the lawsuit); *In re Delaney*, 29 F.3d 516, 518 (9th Cir. 1994) (noting "parties have an affirmative duty to monitor the dockets" of cases they are in (quotation omitted)). Finally, while FCB believes it can accomplish service within the time limit, out of caution, FCB requests a 30-day extension of time to do so.

**III.    Conclusion.**

For the foregoing reasons, FCB requests an order permitting it to serve Jill Heard by alternate means, and a brief extension of time for it to do so. FCB has submitted a proposed form of order with this motion.

RESPECTFULLY SUBMITTED this 3rd day of December, 2025.

**FOX ROTHSCHILD LLP**

_/s/*Stefan Palys*_____
Stefan Palys
*Attorneys for Plaintiff*

7

179717531.3

## CERTIFICATE OF SERVICE

I, Stefan M. Palys, hereby certify that on this 3rd day of December 2025, I filed a copy of the foregoing Second Amended Complaint in the Court's CM/ECF system, which will serve all counsel of record.

/s/ Stefan M. Palys
Stefan M. Palys, Esquire

8

179717531.3