**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First-Citizen Bank & Trust Company, | No. CV-25-02453-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| John P Heard, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for leave to serve Defendant Jill Heard via alternative means and for an extension of the service deadline. (Doc. 22.) For the reasons that follow, the motion is granted.

## BACKGROUND

On July 14, 2025, Plaintiff filed the complaint. (Doc. 1.) Jill Heard was not named as a defendant in the complaint, although her spouse (John Heard) and a related entity (John Heard, CPA, LLC) were both named as defendants.

On July 29, 2025, Plaintiff filed a First Amended Complaint ("FAC"), again naming John Heard and John Heard, CPA, LLC as the only two defendants. (Doc. 11.)

On October 3, 2025, Plaintiff filed its operative pleading, the Second Amended Complaint ("SAC"). (Doc. 17.) This version of the complaint added Jill Heard as a defendant. (*Id.*)

On September 24, 2025, Plaintiff effected service on John Heard, CPA, LLC, by having a process server personally serve the SAC on John Heard at 4040 East Camelback

1 Road #250, Phoenix, AZ 85018.  (Doc. 20.)

2    On September 25, 2025, Plaintiff effected service on John Heard by having a process server personally serve the SAC on John Heard at 4040 East Camelback Road #250, Phoenix, AZ 85018.  (Doc. 19.)

   On October 6, 2025, Plaintiff obtained a summons issued to Jill Heard.  (Doc. 21.)

   A skip trace report obtained by Plaintiff's process server indicates that Jill Heard's residential address in October 2025 was at a certain address on E. Glenrosa Avenue in Phoenix.  (Doc. 22-1.)  On October 19, 2025, Plaintiff's process server unsuccessfully attempted to serve Jill Heard at that address.  (Doc. 22-2 at 2.)  The server's declaration states: "There was no answer, no noise, house sounds empty. . . .  I drove in the alley and there was no vehicle at this unit."  (*Id.*)

   On October 20, 2025, Plaintiff's process server made a second unsuccessful attempt to serve Jill Heard at that address.  (*Id.*)  The server's declaration states: "There was no answer so I went around to the back and from the backyard I could see the house is empty."  (*Id.*)

   Between October 20-31, 2025, Plaintiff's process server made three trips to the business address for John Heard, CPA, LLC (*i.e.*, 4040 East Camelback Road #250, Phoenix, AZ 85018) where John Heard had previously been served.  (Doc. 22-3 ¶ 6.)  "Each time, the office was locked."  (*Id.*)

   In October 2025 and again in December 2025, Plaintiff's counsel personally searched various court dockets in an attempt to locate a current address for Jill Heard.  (*Id.* ¶¶ 7-8.)  Those attempts were unsuccessful, although counsel did find "a Maricopa County Superior Court case against John Heard that had been dismissed in 2024 for lack of service."  (*Id.* ¶ 7.)  Additionally, in December 2025, Plaintiff's counsel personally searched the Maricopa County Recorder's website in an attempt to "locate a recent address [for Jill Heard] other than" the address on E. Glenrosa Avenue, but that attempt was unsuccessful.  (*Id.* ¶ 9.)

   On December 3, 2025, Plaintiff filed the pending motion for leave to serve by

- 2 -

alternative means and for an extension of the service deadline. (Doc. 22.)

**DISCUSSION**

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

  (A) delivering a copy of the summons and of the complaint to the individual personally;

  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 4.1(d) of the Arizona Rules of Civil Procedure, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules.

Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by

1  publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The Court finds that the traditional means of service have proved to be impracticable. Plaintiff's proposed alternative means of service—(1) posting copies of the SAC, the summons, the preliminary order, and the order authorizing alternate service at Jill Heard's last known home address; (2) posting the same documents at John Heard's business address, which is still the location listed by the Arizona Corporation Commission for statutory service for John Heard, CPA, LLC; (3) sending the same documents by U.S. mail to both locations, in separate envelopes addressed to John Heard and Jill Heard; and (4) sending the same documents to Jill Heard's potential email addresses (jill.heard.az@gmail.com and jill.heard4@gmail.com)—constitute "a reasonable effort to provide the person being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion (Doc. 22) is **granted**.

2. Service on Jill Heard may be accomplished by (1) posting copies of the SAC, the summons, the preliminary order, and the order authorizing alternate service at Jill Heard's last known home address; (2) posting the same documents at John Heard's business address, which is still the location listed by the Arizona Corporation Commission for statutory service for John Heard, CPA, LLC; (3) sending the same documents by U.S. mail to both locations, in separate envelopes addressed to John Heard and Jill Heard; and (4) sending the same documents to Jill Heard's potential email addresses (jill.heard.az@gmail.com and jill.heard4@gmail.com).

…

…

…

3.  The deadline for Plaintiff to serve Jill Heard is extended to February 2, 2026.

Dated this 6th day of January, 2026.

Dominic W. Lanza
United States District Judge